IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATENTMARKS COMMUNICATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 13-998 (LPS) |
| v. | ) ) | JURY TRIAL DEMANDED |
| MOTOROLA MOBILITY LLC, | ) ) | |
| Defendant. | ) | |

**DEFENDANT MOTOROLA MOBILITY LLC'S ANSWER AND DEFENSES
TO PATENTMARKS COMMUNICATIONS LLC'S COMPLAINT**

Defendant Motorola Mobility LLC ("Motorola") hereby provides its Answer and Affirmative Defenses to Plaintiff PatentMarks Communications, LLC's ("PatentMarks" or "Plaintiff") Complaint (the "Complaint") as follows:

## PARTIES

1.      Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.      Motorola admits that it is a Delaware limited liability company with a place of business in Libertyville, Illinois.  Motorola also admits that The Corporate Trust Company located in Wilmington, Delaware is its registered agent for service of process.  Motorola denies any remaining allegations set forth in Paragraph 2 of the Complaint, and specifically denies that it has committed any acts of infringement.

## JURISDICTION AND VENUE

3.      Motorola admits that the Complaint purports to state a cause of action that arises under the patent laws of the United States, Title 35 of the United States Code.  Motorola admits that, to the extent the Complaint alleges conduct that gives rise to a legally cognizable cause of

action under the patent laws of the United States, this Court has subject matter jurisdiction over any such cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Motorola denies any remaining allegations set forth in Paragraph 3 of the Complaint.

4.     Motorola admits that it is subject to personal jurisdiction in the State of Delaware for this case.  Motorola denies that it has engaged in or is engaging in any acts of infringement, whether alleged in the Complaint or otherwise.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5.     Motorola admits that venue is proper in this District for this case. Motorola denies that it has engaged in or is engaging in any acts of infringement, whether alleged in the Complaint or otherwise.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,400,926

6.     Motorola admits that U.S. Patent No. 8,400,926 ("'926 Patent"), on its face, recites the title "Multi-Protocol Telecommunications Routing Optimization," recites a filing date of November 30, 2007, and recites an issue date of March 19, 2013.  On its face, it recites Allen D. Kaplan and William F. McCarthy as the inventors of the '926 Patent and that the '926 Patent is related to U.S. Patent No. 6,016,307 (Application No. 08/741,130) which was filed on October 31, 1996.  Motorola also admits that a copy of what purports to be the '926 Patent was attached to the Complaint as served on Motorola.  Motorola denies any remaining allegations set forth in Paragraph 6 of the Complaint

7.      Motorola denies the allegations set forth in Paragraph 7 of the Complaint, and specifically denies that it has committed any acts of infringement.

8.      Motorola denies the allegations set forth in Paragraph 8 of the Complaint, and specifically denies that it has committed any acts of infringement.

9.      Motorola denies the allegations set forth in Paragraph 9 of the Complaint, and specifically denies that it has committed any acts of infringement.

10.      Motorola denies the allegations set forth in Paragraph 10 of the Complaint, and specifically denies that it has committed any acts of infringement.

11.      Motorola denies the allegations set forth in Paragraph 11 of the Complaint, and specifically denies that it has committed any acts of infringement.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Motorola denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Motorola is not required to respond.  To the extent that any allegations are included in the demand, Motorola denies these allegations.

## GENERAL DENIAL

Except as specifically admitted herein, Motorola denies each and every allegation contained in the Complaint, and denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Motorola asserts the following affirmative and other defenses to PatentMarks' Complaint, without assuming the burden of proof when such burden would otherwise be on PatentMarks.  In addition to the defenses identified below, Motorola specifically reserves the right to assert additional defenses that become known through the course of discovery.

### First Defense

PatentMarks has failed to state a claim upon which relief may be granted.

### Second Defense

Motorola does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '926 Patent.

### Third Defense

The claims of the '926 Patent are invalid and unenforceable under 35 U.S.C. § 101 because one or more claims are directed to abstract ideas or other non-statutory subject matter.

The claims of the '926 Patent are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

The claims of the '926 Patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The claims of the '926 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## Fourth Defense

Plaintiff's claims for damages, if any, against Motorola for alleged infringement of the '926 Patent are limited by 35 U.S.C. §§ 287 and/or 288.

## Fifth Defense

To the extent PatentMarks, its alleged predecessors in interest to the '926 Patent, or their respective licenses, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Motorola's actions allegedly infringed the '926 Patent, Motorola is not liable to PatentMarks for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '926 Patent.

## Sixth Defense

To the extent that PatentMarks is not the sole and total owner of the '926 Patent as of the filing date of the Complaint, PatentMarks lacks standing to bring one or more claims in this lawsuit.

## Seventh Defense

Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

Motorola respectfully requests that this Court enter judgment in Motorola's favor and against Plaintiff PatentMarks by granting the following relief:

a)      a judgment in favor of Motorola denying PatentMarks all relief requested in its Complaint in this action and dismissing PatentMarks' Complaint with prejudice;

     b)     adjudging and declaring that this case is exceptional under 35 U.S.C. § 285 and an award to Motorola of its costs and attorneys' fees incurred in this action; and

     c)     further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Motorola Mobility LLC*

OF COUNSEL:

Steven D. Moore
Russell Korn
Vanessa M. Blake
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309
(404) 815-6500

July 29, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on July 29 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 29, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                      *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
*Attorneys for Plaintiff*

Marc A. Fenster, Esquire                                      *VIA ELECTRONIC MAIL*
Benjamin T. Wang, Esquire
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
*Attorneys for Plaintiff*


Jack B. Blumenfeld (#1014)